UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-MC-00018-H

ROBERT W. KEATS,    PLAINTIFF
TRUSTEE of DECKER COLLEGE, INC.

V.

COUNCIL ON OCCUPATIONAL    DEFENDANT
EDUCATION, INC.

**MEMORANDUM OPINION AND ORDER**

    This is an appeal from a Bankruptcy Court decision which has proceeded to this point under quite unusual circumstances.

    Pursuant to the consent of both parties, Bankruptcy Judge Fulton conducted a bench trial in March 2012 to determine the veracity of Defendant's, Council on Occupational Education ("COE"), statements to the Department of Education (the "Department") regarding approval of several Decker College, Inc. ("Decker") degree programs taught primarily through distance education. In particular, the parties consented for Judge Fulton to decide whether the Department erroneously awarded federal financial aid to Plaintiff Decker. In his Findings, Judge Fulton found that COE's statements were "factually erroneous" insofar as they informed the Department that COE did not approve the programs to be offered through distance education. COE has filed several motions with this Court challenging the Findings. These motions do not present the most clear avenue of appeal but the Court will address each in their most logical order. As a preliminary matter, the Court must determine the nature of the proceeding, whether it is core or non-core. This determination will both

inform what kind of appeal is before the Court and what the applicable standard of review to apply in its substantive analysis of the bankruptcy decision.

I.

This case presents a procedural quagmire. Decker is a now defunct post-secondary institution that offered various occupational degree programs. COE was Decker's accreditation agency. As such, COE was charged with evaluating higher education institutions to ensure compliance with applicable educational standards. If the institution meets these standards and obtains COE accreditation, it is eligible for federal financial aid from the Department.

In the fall of 2005 Decker closed, in large part due to the Department's decision to terminate its eligibility for federal financial aid. The Department took this action after discovering that Decker delivered several of its construction-related courses primarily online without the Department's approval. Subsequently, Decker filed for bankruptcy. While a number of proceedings ensued, for purposes of this appeal, the current motions arise from Decker's legal action against COE in the Bankruptcy Court.

Plaintiff Robert W. Keats, Decker's Chapter 7 Trustee, filed suit in the Bankruptcy Court seeking damages caused by COE's alleged false statements to the Department about the scope of COE's accreditation of several programs at Decker. Specifically, Decker contends that COE falsely concluded Decker did not have approval to offer three Decker associate degree programs (the "Hybrid Programs") via distance education, *i.e.,* online. Decker argues COE had actual knowledge that the Hybrid Programs was primarily offered on-line and the on-line component were explicitly within the scope of COE's extension of accreditation. However, when the Department questioned COE about its approval of the Hybrid Programs, Decker contends COE falsely informed the

Department that it had not approved these online programs. This adversarial proceeding is auxiliary to other legal proceedings.[1]

Presently before the Court is COE's appeal of the Bankruptcy Court's July 10, 2010 Findings of Fact (the "Findings"). In an effort to facilitate progress in the litigation, the parties and Department requested that Judge Fulton examine the discrete issue whether COE made factually erroneous statements to the Department regarding accreditation. Following a bench trial in March 2012, he found that COE's statements were false, and in fact, COE approved Decker's construction program but later falsely informed the Department that it had never approved the programs.

COE contemporaneously filed the following motions challenging the Bankruptcy Court's Findings: 1) a writ of mandamus asking the court to vacate the Findings ("Mandamus Petition"), pursuant to 28 U.S.C. § 1651, 2) a motion pursuant to Fed. R. Bankr. P. 9033(b) objecting to proposed conclusions of fact contained in the Findings ("Rule 9033 Objection") and 3) a motion to allow interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8003 ("Motion for Interlocutory Appeal") requesting review of the Findings. COE asks the Court to first consider and rule on its Mandamus Petition and its Rule 9033 Objection before considering its Motion for Interlocutory Appeal.

The Court will address each of COE's motions individually, and in their most logical order, taking into consideration COE's recommendation.

---

[1] Decker filed an administrative suit with the Department challenging the Department's revocation of its funding. Additionally, the Department has a Proof of Claim in Decker's bankruptcy litigation.

II.

As a threshold matter, COE argues that its Mandamus Petition is proper because the Bankruptcy Court lacked the jurisdictional authority to issue a final factual finding on a non-core proceeding.[2] This in turn prevented COE from obtaining final review of the Findings by an Article III judge as required by *Stern v. Marshall*, 131 S. Ct. 2594 (2011). COE argues that a bankruptcy court may only submit proposed findings of fact and conclusions of law in a non-core proceeding heard pursuant to 28 U.S.C. § 157(c)(1). If a party objects to specific proposed findings or conclusions, a district court will review the record *de novo*, and then may accept, reject or modify the proposed findings of fact or conclusions of law.[3] Decker argues that the petition should be denied because COE expressly consented to the Bankruptcy Court deciding the factual inquiry.[4]

---

[2] As will be discussed extensively in the next section, bankruptcy proceedings are divided between core and non-core proceedings. This characterization is important with respect to bankruptcy jurisdiction and district court appellate review. In short, a core proceeding is a proceeding that involves rights arising only in the bankruptcy context, as a non-core proceeding is not core but otherwise related to the case. S*ee* 28 U.S.C. § 157.

[3] Accordingly, COE argues the proper appeal before the Court would be the Mandamus Petition or the Rule, 9033(b) Objection. COE's Motion for Interlocutory Appeal is secondary.

[4] Both parties argued extensively on the issue of whether COE waived any statutory or constitutional objections to the Bankruptcy Court's adjudication of the veracity of COE's statements. Prior to trying the case, the Bankruptcy Court directed the parties to "file a statement with the Court indicating whether they object to this Court trying the matter on statutory or constitutional grounds, including without limitation, on the grounds discussed by the U.S. Supreme Court in *Stern v. Marshall*." (AP ECF No. 91). In its response, COE did not object to the hearing noting that "such a hearing serves judicial economy and does not violate the requirements of *Stern v. Marshall*." (AP ECF No. 98). Decker contends that COE expressly consented to the Bankruptcy Court trying the matter and accordingly waived any jurisdictional objections.

Regardless, a recent Sixth Circuit opinion explains the legal significance of a jurisdictional waiver. In *Waldman v. Stone*, the Court found that even though a party may agree to adjudicate a claim as core at the bankruptcy level, the party may subsequently challenge the bankruptcy court's jurisdictional authority on appeal. *Waldman*, 2012 WL 5275241 (6th Cir. Oct. 26, 2012). In that case Stone argued Waldman, the creditor, waived his right to argue that Stone's affirmative claims are non-core because he has previously stipulated that all of Stone's claims were core. The Sixth Circuit found such a waiver as not decisive in defining the parameters of a bankruptcy court's jurisdiction. *Id.* * 9 ("[T]he fortuity of Waldman's waiver of his own rights does nothing to diminish the bankruptcy court's authority under § 157(c)(1)").

It appears the Sixth Circuit is directing district courts to determine, as a threshold matter, whether a claim is core or non-core, irrespective of how the parties classify it. Here, whether a waiver was given and its significance is unimportant. The court will determine whether the claim is core or non-core, relying on applicable bankruptcy statutes and rules and pertinent case law, then proceed with the appropriate analysis of the bankruptcy court's judgment.

Turning to the substance of the petition, COE asks the Court to vacate the Findings and re-enter them as proposed findings of fact reviewable by the district court *de novo*. *See* 28 U.S.C. § 1651. Mandamus relief "is a drastic one, to be invoked only in extraordinary circumstances." *In re Ford*, 987 F.2d 334, 341 (6th Cir. 1992)(internal citation omitted). COE must "demonstrate a clear abuse of discretion" by the bankruptcy court in order to obtain mandamus relief. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989). The Sixth Circuit has established five elements to determine whether or not a person is entitled to mandamus relief in the case of a party appealing a district court decision:

> In an effort to distinguish between errors that are merely reversible and not subject to mandamus, and those errors that are of such gravity that mandamus is proper, this court balances five factors. We examine whether: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems, or issues of law of first impression. These factors need not all be met, and some factors will often be balanced in opposition to each other.

*John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008). These factors can be applied here, where COE challenges the Bankruptcy Court's Findings to a District Court, which is vested with appellate jurisdiction over bankruptcy court rulings. 28 U.S.C. § 158(a).

The present case does not strike the Court as extraordinary enough to warrant issuance of a writ. For one, the first factor weights heavily against COE in that COE does have an alternative avenue to appeal the Findings through an interlocutory appeal. 28 U.S.C. § 158(a). Under such an appeal, COE is given immediate appellate review of the Findings. Given that a petitioner must show at a minimum that there "no other adequate means to attain the relief [it] desires," to obtain a writ

5

of mandamus, COE's petition fails. *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004). Accordingly, the writ of mandamus is not appropriate.

III.

COE has also challenged the Findings pursuant to a Rule 9033 Objection which provides guidance regarding the appellate review of non-core proceedings heard pursuant to 28 U.S.C. § 157(c)(1). As a threshold matter, the Court must ascertain whether the issue adjudicated by the Bankruptcy Court constituted a non-core proceeding.

A bankruptcy court's authority varies depending on the type of proceeding involved. *Stern,* 131 S.Ct at 2604. In core proceedings, bankruptcy courts are authorized to enter final judgments, which are subject to conventional appellate review. 28 U.S.C. § 157(b)(1), Fed. R. Bankr. P 8013. Conversely, in non-core proceedings, bankruptcy courts may only "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(a)(1). The principal difference between appellate review of a core proceeding under 28 U.S.C. § 158(a) and a review of objections to a proposed ruling is the standard of review applied to the bankruptcy court's factual findings. In the case of a core proceeding, the district court reviews the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error. If the proceeding is non-core, the district court reviews both its factual findings and legal conclusions *de novo*. In its Findings, the Bankruptcy Court identified the proceeding as core,[5] a legal conclusion that is reviewed *de novo*. *See Williamson v. Washington Mut. Home Loans, Inc.*, 400 B.R. 917, 919 (M.D. Ga. 2009).

---

[5] "A bankruptcy court's classification of a proceeding as core or non-core is 'itself a core proceeding.'" *Sergent v. McKinstry*, 472 B.R. 387, 395 (E.D.Ky. 2012)(quoting 1 William L. Norton, Jr., *Bankruptcy Law & Practice* § 4:69 (3d ed. 2011); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine . . . whether a proceeding is a core proceeding . . .").

A core proceeding is a proceeding that involves rights created by bankruptcy law. 29 U.S.C. § 157. Congress does not precisely define "core" proceeding, but rather provides a non-exhaustive list of common core proceedings, including a catchall provision for "proceedings affecting the liquidation of the assets of the estate." *See id.* at § 157(b)(2). The Court recognizes that a broad interpretation of the Code's catchall provision could result in according core status to claims that only tenuously relate to the bankruptcy proceeding. This is not so here.

The purpose of the Bankruptcy's Findings was to allow for a ruling on the veracity of COE's statements regarding the scope of its approval of the Hybrid Programs. Both parties agreed that the Bankruptcy Court's factual determination would be forwarded to the Department's administrative proceeding to supplement the record and assist in resolving the Department's claim against Decker.[6]

The issue adjudicated was not a state law cause of action, but rather a discrete factual issue. The matter tried intimately affects the bankruptcy proceeding, specifically the Department's Proof of Claim, and falls squarely within the statutory definition of a core proceeding. Thus, the matter at issue seems to inherently concern the administration of the bankruptcy estate and directly affects the debtor-creditor relationship between Decker and the Department. As such, COE's Rule 9033 Objection is improper since it is only applicable in non-core proceedings.[7]

IV.

---

[6] Subsequent to Decker filing bankruptcy, the Department initiated an administrative review regarding the funds erroneously given to Decker. To resole this issue, Decker's Trustee commenced an administrative proceeding before the Department to resolve the Department's $32 million dollar claim against Decker. Those proceedings are integral to the Department's $32 million Proof of Claim in Decker's bankruptcy.

[7] Rule 9033(d) of the Federal Rules of Bankruptcy Procedure provides: "The district judge shall make a *de novo* review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." Obviously a *de novo* review is a stricter standard for reviewing the bankruptcy court's findings of fact than the district court would apply in an appeal from the bankruptcy court. However, even if the Court was to find the matter non-core and thus follow the directive of Rule 9033(d), the Court is satisfied the record fully supports Bankruptcy Judge Fulton's factual finding.

Finally, COE has moved for interlocutory appeal pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8003. Under 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure, federal courts have discretionary jurisdiction over appeals from interlocutory orders and decrees of the bankruptcy courts, allowing such appeals to be filed with leave of the court. Though federal courts are reluctant to hear interlocutory appeals, *see Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981), the Court understands that final resolution on these issues will help advance the litigation at its current impasse. Decker does not oppose the motion. Accordingly, the Court will allow the interlocutory appeal and proceed to rule on the four exclusive objections set forth in COE's motion.

Pursuant to Fed. R. Bankr. P. 8003, a motion for interlocutory appeal must contain statements of the issues appealed and of the relief sought. COE has identified four such issues. On such an appeal, the Bankruptcy Court's conclusions of law are reviewed *de novo* and findings of fact are reviewed under a clear error standard. *In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004). The Bankruptcy Court held a bench trial and issued Findings. Pursuant to Fed. R. Bankr. P. 8013, "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard should be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." District courts, upon review, must accept the bankruptcy's court factual findings unless "the court is left with the definite and firm conviction that the bankruptcy judge has committed a mistake." *In re Orange County Nursery, Inc.*, 439 B.R. 144, 148 (C.D. Cal. 2010). A bankruptcy court's factual determinations are entitled to high deference given its "expertise and superior position to make determinations of credibility." *In re Gollomp*, 198 B.R. 433, 436 (S.D.N.Y. 1996). The Court will now address the four issues COE appealed under this standard of review.

A.

COE contends that the Bankruptcy Court violated its due process rights by expanding the scope of the hearing. Particularly, COE argues that the Bankruptcy Court erred when it issued a ruling that assessed COE's processes and procedures rather than limiting itself to the veracity of COE's statements to the Department. The Findings did indeed delve into COE's practices and procedures, but only to ascertain whether COE was aware that Decker offered the Hybrid Programs via distance education. To the extent that the Bankruptcy Court discussed the adequacy of COE accreditation procedures, it appears not to have affected its ruling on the discrete factual question at issue. The Court has reviewed the Bankruptcy Court's record. It is clear from the pre-trial motions that both parties were amply prepared to present their case on precisely the issue COE agreed to decide. Ultimately, the Findings only resolved an explicit factual issue, an inquiry both parties consented to be tried.

Accordingly, the Court concludes that the Bankruptcy Court did not violate COE's due process rights.

B.

COE next argues that the Bankruptcy Court exceeded its authority under *Stern v. Marshall*, because its decision essentially adjudicates the Trustee's declaratory judgment claim.[8] In *Stern*, the Supreme Court determined that to adjudicate a state law counterclaim violates Article III of the Constitution. In the instant case, the purpose of the bench trial was to resolve a factual issue, not

---

[8] In a recent Supreme Court decision defining the contours of bankruptcy court jurisdiction. *Stern v. Marshall*, 131 S. Ct. 2594 (2011). The Court held it was unconstitutional for the Bankruptcy Court to enter a final judgment on a debtor's state-law counterclaim against a creditor when the resolution of the counterclaim required the court to rule on legal issues not implicated by the creditor's claim against the estate. The practical effect of this decision is that creditors confronted with state law claims asserted by the bankruptcy estate may choose the district court as the fact finder rather than the bankruptcy court.

adjudicate a cause of action. The Findings will no doubt have implications on the various legal proceedings going forward, but issuing them does not amount to granting Decker relief as to its declaratory judgment claim against COE. An interlocutory appeal is reserved for challenging a decision on an intervening matter pertaining to a larger cause of action. There are no legally enforceable orders in the Findings that unequivocally resolve any of Decker's claims against COE.

C.

COE argues that the Bankruptcy Court committed error by failing to afford COE's actions the appropriate level of deference. Generally, courts do give great deference to accrediting agency decisions, limiting their review to whether the decision were "arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence." *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 712 (6th Cir. 2006). Nevertheless, the Court respectfully disagrees with the extension of COE's argument.

The merits of COE's accreditation decision were not on trial. The Bankruptcy Court did not evaluate whether COE should have approved the Hybrid Programs but rather whether the programs were in fact approved and consequently whether COE's statements to the Department were false. In sum, the Bankruptcy Court was not required to apply the deferential standard of review because it was not reviewing an accreditation decision.

D.

Lastly, COE argues that the Bankruptcy Court erred by failing to consider critical pieces of evidence that tend to show Decker actively concealed the nature of the Hybrid Programs. Specifically, COE argues the Court failed to consider the misrepresentations and omissions Decker made in its Hybrid Program application. However, whether Decker adequately disclosed that the

programs would be taught primarily through distance education was not the issue in the case. What COE should have done and what Decker should have done was not the purpose of the bench trial. Rather, Judge Fulton was charged with the task of answering an isolated factual question given the evidence presented before him. The Court is satisfied that the Bankruptcy Court considered all the evidence presented and accorded proper weight in reaching its conclusion.

COE seems to confuse the purpose of the bench trial. If and when a court adjudicates the merits of Decker's complaint, COE will be afforded the opportunity to defend its accreditation decision, the adequacy of accreditation procedures and so forth. The Bankruptcy Court set out to resolve a discrete factual inquiry and it did.

V.

Finally, COE asks the Court to vacate and reverse the Findings. Under Fed. R. Bankr. P. 8013, the district court may "affirm, modify or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." The Court affirms the Bankruptcy Court's Findings, as the order is not clearly erroneous.

The Bankruptcy Court set out to resolve a factual inquiry, whether COE's statements were false when it informed the Department that it never approved the Hybrid Program to be offered via distance education when in fact given such approval. The Bankruptcy Court's ultimate conclusion is that COE's statements to the Department "were factually erroneous." In arriving at this conclusion, the Bankruptcy Court examined COE's procedures, practices and actions before, during and after the application process. In reaching its conclusion, Judge Fulton considered the volumes of evidence submitted by the parties and live testimony from key players in the case.

Having reviewed the Findings and underlying evidence, the Court finds the Bankruptcy Court's decision to be reasonable given the evidence advanced at trial. *See Waldman*, 2012 WL 5275241 *9 ("When reviewing for clear error, the question is simply whether a reasonable person could agree with the bankruptcy court's decision.")(internal quotations and citation omitted). In Decker's Accreditation Application, it stated its intention to offer the Hybrid Programs via distance education. COE approved the Application in its entirety.

The Bankruptcy Court reasonably found COE to be dishonest when it told the Department it did not approve the Hybrid Programs to be offered in such a manner. Whether Decker should have been more explicit in its intention to offer the Hybrid Programs online is a question reserved for a later proceeding - it certainly was not the issue before the Bankruptcy Court. This Court finds no
error in Bankruptcy Judge Fulton's reasoning and finds his factual Findings to be fully supported by the record evidence.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant COE's Mandamus Petition is DENIED.

IT IS FURTHER ORDERED that COE's Rule 9033 Objection is DENIED.

IT IS FURTHER ORDERED that COE's motion to accept the Interlocutory Appeal is SUSTAINED.

IT IS FURTHER ORDERED that the Bankruptcy Court's Findings of Fact are AFFIRMED and the matter is REMANDED to the Bankruptcy Court for further proceedings.

This is a final order.

cc:     Counsel of Record

        U. S. Bankruptcy Court